# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALMONDNET, INC. and INTENT IQ, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>VIANT TECHNOLOGY INC. and VIANT TECHNOLOGY LLC,<br><br>　　　　　　Defendants, | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST
## VIANT TECHNOLOGY INC. AND VIANT TECHNOLOGY LLC

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiffs AlmondNet, Inc. and Intent IQ, LLC (collectively, "Plaintiff" or "AlmondNet") makes the following allegations against Defendants Viant Technology Inc. and Viant Technology LLC ("Defendant" or "Viant"):

### INTRODUCTION AND PARTIES

1.　　This complaint arises from Defendant's unlawful infringement of the following United States patents owned by AlmondNet, each of which generally relate to novel internet / network based advertising systems and methods: United States Patent Nos. 8,775,249, 7,861,260, 7,979,307, and 11,564,015 (collectively, the "Asserted Patents"). AlmondNet owns all right, title, and interest in each of the Asserted Patents to file this case.

2.　　AlmondNet, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. Intent IQ, LLC is a Delaware limited liability company, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. AlmondNet, Inc. and Intent IQ,

1

LLC are collectively referred herein as "AlmondNet." Established in 1998, AlmondNet is an industry leader and pioneer in privacy-friendly, targeted advertising. AlmondNet has developed an extensive suite of industry-leading targeted advertising solutions and products, is focused on R&D and the licensing of its extensive portfolio of enabling technology and intellectual property covering numerous areas of the targeting landscape and ecosystem, including profile based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

3. Defendant Viant Technology LLC is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 2722 Michelson Drive, Suite 100 Irvine, CA, 92612. Viant Technology LLC may be served via its Delaware registered agent Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE, 19904.

4. Defendant Viant Technology, Inc. is a Delaware corporation with its principal place of business at 2722 Michelson Drive, Suite 100 Irvine, CA, 92612. Viant Technology, Inc. may be served via its Delaware registered agent Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE, 19904.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through

subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

7. Venue is proper in this District because Viant Technology LLC and Viant Technology, Inc. are both incorporated under the laws of the state of Delaware.

## FACTUAL ALLEGATIONS

8. AlmondNet attempted to engage Viant in negotiations, putting Viant on notice of the Asserted Patents.

9. On March 28, 2016, AlmondNet sent a communication to Viant identifying how Viant infringes numerous patents in AlmondNet's portfolio, and explaining how Viant could contact AlmondNet to discuss licensing AlmondNet's patent portfolio. AlmondNet and Viant engaged in limited discussions and communications that year and into 2018, but no resolution was reached.

10. On July 24, 2019, AlmondNet sent another communication to Viant again indicating that Viant infringes numerous patents in AlmondNet's portfolio, including the Asserted Patents, and again explaining how Viant could contact AlmondNet to discuss licensing that portfolio. The parties again had brief correspondence following this letter, but no resolution was reached.

11. Despite Plaintiff's efforts, the parties were unable to resolve the issues raised in these letters and to come to an agreement on appropriate terms for a license to AlmondNet's patents. Thus, AlmondNet was left with no recourse but to file this lawsuit to protect its intellectual property.

## COUNT I

## **INFRINGEMENT OF U.S. PATENT NO. 8,775,249**

12. AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13. AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,775,249, titled "method, computer system, and stored program for accumulating descriptive profile data along with source information for use in targeting third-party advertisements," issued on July 8, 2014 ("the '249 patent"). A true and correct copy of the '249 patent is attached as Exhibit 1.

14. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Viant's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '249 patent.

15. The infringement of the '249 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '249 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

16. Defendant's infringement has been and is willful. Defendant knew of, or was willfully blind to, the '249 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, AlmondNet and Defendant communicated, e.g., in the 2016-2019 time frame, regarding AlmondNet's patent portfolio and Defendant's infringement of it. In these discussions, AlmondNet notified Defendant of the '249 patent at least as early as July 24, 2019. In addition, AlmondNet's March 28, 2016 communication identified U.S. Patent No. 8,244,582 ("the '582 patent"), which is in the same patent family as the '249 patent. Despite Defendant's

knowledge of or willful blindness to the '249 patent and AlmondNet's allegations of infringement as a result of the 2016-2019 communications as well as the filing of this complaint, Defendant continued and still continues to infringe the '249 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '249 patent. Accordingly, Defendant is liable for willful infringement.

17. Defendant also knowingly and intentionally induces infringement of claims of the '249 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of, or was willfully blind to, the '249 patent and the infringing nature of the Accused Instrumentalities at least as early as July 24, 2019 when it received AlmondNet's communication identifying the '249 patent and explaining that Defendant infringes numerous patents in AlmondNet's portfolio, as set forth above. In addition, AlmondNet's March 28, 2016 communication identified the '582 patent, which is in the same patent family as the '249 patent. Despite this knowledge of or willful blindness to the '249 patent and AlmondNet's infringement allegations as a result of the 2016-2019 communications as well as the filing of this complaint, Defendant continued and still continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '249 patent. Defendant did and does so intending that its customers and end users will commit these infringing acts. Defendant also continued and still continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '249 patent, thereby specifically intending for and inducing its customers to infringe the '249 patent through the customers' normal and customary use of the Accused Instrumentalities.

18. Defendant has also infringed, and continues to infringe, claims of the '249 patent by offering to commercially distribute, commercially distributing, making, and/or importing the

5

Accused Instrumentalities, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '249 patent, in violation of 35 U.S.C. § 271(c).

19. The Accused Instrumentalities satisfy all claim limitations of claims of the '249 patent. A claim chart comparing an independent claim of the '249 patent to representative Accused Instrumentalities is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

20. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of the '249 patent pursuant to 35 U.S.C. § 271.

21. As a result of Defendant's infringement of the '249 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

22. Defendant's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '249 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,861,260

23. AlmondNet realleges and incorporates by reference the foregoing paragraphs as if

fully set forth herein.

24. AlmondNet owns all rights, title, and interest in U.S. Patent No. 7,861,260, titled "targeted television advertisements based on online behavior," issued on December 28, 2010 ("the '260 patent"). A true and correct copy of the '260 patent is attached as Exhibit 3.

25. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Viant's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '260 patent.

26. The infringement of the '260 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '260 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

27. Defendant's infringement has been and is willful. Defendant knew of, or was willfully blind to, the '260 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, AlmondNet and Defendant communicated, e.g., in the 2016-2019 timeframe, regarding AlmondNet's patent portfolio and Defendant's infringement of it. In these discussions, AlmondNet notified Defendant of the '260 patent as well as U.S. Patent No. 8,677,398 ("the '398 patent"), which is in the same patent family as the '260 patent, at least as early as July 24, 2019. In addition, AlmondNet's March 28, 2016 communication likewise identified the '398 patent. As another example, Viant's U.S. Patent No. 11,354,709 cites AlmondNet's U.S. Patent Application Publication No. 2010/0325659, which is a continuation of the '260 patent. Despite Viant's knowledge of the '260 patent, Viant continues to infringe. In doing so, Viant knew, or

should have known, that its conduct amounted to infringement of the '260 patent. Accordingly, Viant is liable for willful infringement.

28.     Defendant also knowingly and intentionally induces infringement of claims of the '260 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of, or was willfully blind to, the '260 patent and the infringing nature of the Accused Instrumentalities at least as early as July 24, 2019 when it received AlmondNet's communication identifying the '260 patent (and another patent in the same family, the '398 patent) and explaining that Defendant infringes numerous patents in AlmondNet's portfolio, as set forth above. In addition, AlmondNet's March 28, 2016 communication likewise identified the '398 patent. Despite this knowledge of or willful blindness to the '260 patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '260 patent. Defendant does so intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '260 patent, thereby specifically intending for and inducing its customers to infringe the '260 patent through the customers' normal and customary use of the Accused Instrumentalities.

29.     Defendant has also infringed, and continues to infringe, claims of the '260 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of

commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '260 patent, in violation of 35 U.S.C. § 271(c).

30. The Accused Instrumentalities satisfy all claim limitations of claims of the '260 patent. A claim chart comparing an independent claim of the '260 patent to representative Accused Instrumentalities is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

31. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of the '260 patent pursuant to 35 U.S.C. § 271.

32. As a result of Defendant's infringement of the '260 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

33. Defendant's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '260 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 7,979,307

34. AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

35. AlmondNet owns all rights, title, and interest in U.S. Patent No. 7,979,307, titled "method and stored program for accumulating descriptive profile data along with source information for use in targeting third-party advertisements," issued on July 12, 2011 ("the '307

patent"). A true and correct copy of the '307 patent is attached as Exhibit 5.

36. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Viant's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '307 patent.

37. The infringement of the '307 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '307 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

38. Defendant's infringement has been and is willful. Defendant knew of, or was willfully blind to, the '307 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, AlmondNet and Defendant communicated, e.g., in the 2016-2019 time frame, regarding AlmondNet's patent portfolio and Defendant's infringement of it. In these discussions, AlmondNet notified Defendant of the '307 patent at least as early as July 24, 2019. In addition, AlmondNet's March 28, 2016 communication identified the '582 patent, which is in the same patent family as the '307 patent. Despite Defendant's knowledge of or willful blindness to the '307 patent and AlmondNet's allegations of infringement as a result of the 2016-2019 communications as well as the filing of this complaint, Defendant continued and still continues to infringe the '307 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '307 patent. Accordingly, Defendant is liable for willful infringement.

39. Defendant also knowingly and intentionally induces infringement of claims of

the '307 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of, or was willfully blind to, the '307 patent and the infringing nature of the Accused Instrumentalities at least as early as July 24, 2019 when it received AlmondNet's communication identifying the '307 patent and explaining that Defendant infringes numerous patents in AlmondNet's portfolio, as set forth above. In addition, AlmondNet's March 28, 2016 communication identified the '582 patent, which is in the same patent family as the '307 patent. Despite this knowledge of or willful blindness to the '307 patent and AlmondNet's infringement allegations as a result of the 2016-2019 communications as well as the filing of this complaint, Defendant continued and still continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '307 patent. Defendant did and does so intending that its customers and end users will commit these infringing acts. Defendant also continued and still continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '307 patent, thereby specifically intending for and inducing its customers to infringe the '307 patent through the customers' normal and customary use of the Accused Instrumentalities.

40.     Defendant has also infringed, and continues to infringe, claims of the '307 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '307 patent, in violation of 35 U.S.C. § 271(c).

41. The Accused Instrumentalities satisfy all claim limitations of claims of the '307 patent. A claim chart comparing an independent claim of the '307 patent to representative Accused Instrumentalities is attached as Exhibit 6, which is hereby incorporated by reference in its entirety.

42. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of the '307 patent pursuant to 35 U.S.C. § 271.

43. As a result of Defendant's infringement of the '307 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

44. Defendant's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '307 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 11,564,015

45. AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

46. AlmondNet owns all rights, title, and interest in U.S. Patent No. 11,564,015, titled "targeted television advertisements based on online behavior," issued on January 24, 2023 ("the '015 patent"). A true and correct copy of the '015 patent is attached as Exhibit 7.

47. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Viant's

advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '015 patent.

48. The infringement of the '015 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '015 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

49. Defendant's infringement has been and is willful. Defendant knew of, or was willfully blind to, the '015 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, AlmondNet and Defendant communicated, e.g., in the 2016-2019 time frame, regarding AlmondNet's patent portfolio and Defendant's infringement of it. In these discussions, AlmondNet notified Defendant of the '260 and '398 patents, which are both in the same patent family as the '015 patent, at least as early as July 24, 2019. In addition, AlmondNet's March 28, 2016 communication identified the '398 patent. As another example, Viant's U.S. Patent No. 11,354,709 cites AlmondNet's U.S. Patent Application Publication No. 2010/0325659, which is a continuation of the '260 patent. Despite Defendant's knowledge of or willful blindness to the '015 patent and AlmondNet's allegations of infringement as a result of the 2016-2019 communications as well as the filing of this complaint, Defendant continued and still continues to infringe the '015 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '015 patent. Accordingly, Defendant is liable for willful infringement.

50. Defendant also knowingly and intentionally induces infringement of claims of the '015 patent in violation of 35 U.S.C. § 271(b). As detailed above, Defendant has had

knowledge of, or was willfully blind to, the '015 patent and the infringing nature of the Accused Instrumentalities before this suit was filed. Despite this knowledge of or willful blindness to the '015 patent and AlmondNet's infringement allegations as a result of the 2016-2019 communications as well as the filing of this complaint, Defendant continued and still continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '015 patent. Defendant did and does so intending that its customers and end users will commit these infringing acts. Defendant also continued and still continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '015 patent, thereby specifically intending for and inducing its customers to infringe the '015 patent through the customers' normal and customary use of the Accused Instrumentalities.

51. Defendant has also infringed, and continues to infringe, claims of the '015 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '015 patent, in violation of 35 U.S.C. § 271(c).

52. The Accused Instrumentalities satisfy all claim limitations of claims of the '015 patent. A claim chart comparing an independent claim of the '015 patent to representative Accused Instrumentalities is attached as Exhibit 8, which is hereby incorporated by reference in its entirety.

53. By making, using, offering for sale, selling and/or importing into the United States

the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of the '015 patent pursuant to 35 U.S.C. § 271.

54. As a result of Defendant's infringement of the '015 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

55. Defendant's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '015 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, AlmondNet respectfully requests that this Court enter:

a. A judgment in favor of AlmondNet that Defendant has infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b. A judgment in favor of Plaintiff that Defendant has willfully infringed the Asserted Patents;

c. A permanent injunction prohibiting Defendant from further acts of infringement of the '249, '260, '307, and '015 patents;

d. A judgment and order requiring Defendant to pay AlmondNet its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

e. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to AlmondNet, including without limitation, pre-judgment

and post-judgment interest;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to AlmondNet its reasonable attorneys' fees against Defendant; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

AlmondNet, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 16, 2023

Of Counsel:

Reza Mirzaie
Ben Wang
James Milkey
Amy Hayden
James Tsuei
Daniel Kolko
Jason Wietholter
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
bwang@raklaw.com
jmilkey@raklaw.com
ahayden@raklaw.com
jtsuei@raklaw.com
dkolko@raklaw.com
jwietholter@raklaw.com

Respectfully submitted,

*/s/ Brian E. Farnan*

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs AlmondNet, Inc. and Intent IQ, LLC*