# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALMONDNET, INC. and INTENT IQ, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> VIANT TECHNOLOGY LLC, <br><br> Defendant. | C.A. No. 23-cv-00174-MN <br><br> **JURY TRIAL DEMANDED** |

**LETTER TO THE HONORABLE MAGISTRATE LAURA D. HATCHER FROM VIANT TECHNOLOGY LLC REGARDING VIANT'S <u>PRODUCTION OF CORE TECHNICAL DOCUMENTS</u>**

Dear Magistrate Judge Hatcher:

Viant is not withholding any "core technical documents," nor did Viant "refuse" to produce such documents as AlmondNet repeatedly states. Viant produced source code to satisfy its obligations to produce "core technical documents … sufficient to show how the accused product(s) work[]" as required by paragraph 7(b) Scheduling Order (D.I. 29). Viant does not maintain any other documents that accurately or reliably describe the operation of the accused products. To be clear, Viant has technical documents that it has created over the years other than source code. But, as Viant explained to AlmondNet during the meet and confer process, those documents are quickly outdated as Viant's product evolves (its source code changes daily) and Viant does not update this documentation with new iterations of its product. Thus, Viant cannot represent that these outdated documents "show how the accused products work" at any given point in time. Viant will produce any such responsive and relevant documentation in response to a discovery request, yet AlmondNet inexplicably did not serve discovery until March 6. But because Viant cannot represent that any technical documents in its possession "show how the accused products work"— only the source code can make that showing—Viant has no core technical documents to produce.

Any alleged prejudice to AlmondNet at this stage is due to AlmondNet's own litigation decisions, not Viant's lack of non-code core technical documents. Viant made its source code available in mid-February, yet AlmondNet waited nearly a month to inspect it. Viant committed to producing the relevant documents identified to date in response to a discovery request, yet AlmondNet delayed serving any discovery. Viant endeavored to make its witnesses available for depositions, yet AlmondNet postponed the depositions. AlmondNet complains about the volume of source code that Viant produced, yet AlmondNet's identification of Accused Instrumentalities generically lists nearly every product that Viant offers.

If AlmondNet had concerns about its "ability to prove up its case" and "prepare its infringement contentions" (*see* D.I. 58 at 3) by the extended contentions deadline, it could have employed any of the means for discovery available to it since the case schedule was entered last December. AlmondNet made the decision—strategic or otherwise—to not seek any disclosure. AlmondNet's motion should be denied.

## I.   Background

The Scheduling Order requires that AlmondNet identify the "Accused Instrumentalities" by December 15, 2023, and that by February 2, 2024, "Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s)" along with "sales figures for the accused products." D.I. 29, ¶¶ 7(a)-(b). AlmondNet's December 15 disclosure identified thirteen different supposed "Accused Instrumentalities," spanning almost the entirety of Viant's business. Viant investigated whether it had any non-code core technical documents and determined that, due to the nature of its product offering (a software solution), the only known document that accurately described the operation of these products is Viant's source code. AlmondNet first raised the issue of Viant's core technical document production on February 13. *See* D.I. 58-2 at 14-15. Viant responded that it had not located any non-source code core technical documents that accurately described Viant's products, but Viant's code was available for review. *Id*. at 14. Even though the parties had an ongoing dispute regarding the Protective Order at that time (*see id*.; *see also* D.I. 36, D.I. 41), as an accommodation to

AlmondNet, Viant even agreed to make its source code available for review on condition that AlmondNet agree to abide by the current Protective Order language before the parties finalized the Protective Order.  D.I. 58-2 at 12.

The parties met and conferred on February 20, 2024.  Viant again explained that, based on the investigation it had conducted, it was unable to identify any non-code core technical documents.  D.I. 58-2 at 6-7.  Viant also informed AlmondNet that the source code was the best means to understand the operation of the accused products.  *Id*. at 8.  AlmondNet implored Viant to look again for any non-code core technical documents.  *Id*. at 6-7.  Viant agreed to do so and indicated that, if it was able to locate any core technical documents upon further investigation, it would produce them.  *Id*. ("At Plaintiffs' insistence, we agreed to further investigate any non-code core technical documents … and produce any such documents, ***to the extent they exist***, as soon as practical.") (emphasis added).[1]

On February 26, Viant confirmed it had conducted additional investigation, and was still unable to identify any non-code core technical documents that sufficiently or accurately described the operation of the accused products, particularly given the frequency at which Viant updates its source code (which Viant had produced).  *Id*. at 8.  And even though the technical documents Viant had identified to date were not "core technical documents" as described by the Scheduling Order, Viant agreed to produce them pursuant a Request for Production.[2]  *Id*. at 7.

AlmondNet waited until February 26 to serve any discovery—and even still, did not serve written discovery requests.  Instead, AlmondNet served notices of deposition for two Viant employees.  *See* D.I. 49, D.I. 50.  Viant agreed to investigate their availability on the noticed dates, but AlmondNet ultimately elected to not proceed with the noticed depositions.  *See* D.I. 58-2 at 4; *see also id*. at 2.  On February 29, AlmondNet requested a one-week extension for its contentions, to which Viant agreed.  *Id*. at 5; *see also* D.I. 54.  On March 1, 2024, AlmondNet disclosed a source code expert and scheduled a review to occur on March 11-13th.  Ex. 1; D.I. 58-2 at 4.  On March 6, AlmondNet finally served its first discovery requests.  *See* D.I. 52; D.I. 53.

---

[1] AlmondNet inaccurately states that Viant represented on this call that it was collecting its "core technical documents" and preparing to produce them.  *See* D.I. 58 at 2.  Not so.  Viant has repeatedly corrected this distortion of the parties' discussion, which AlmondNet simply ignores.  *See, e.g.*, D.I. 58-2 at 3-4, 6-7.  AlmondNet's mischaracterizations are also irreconcilable with the record it relies upon, including that Viant told AlmondNet ***prior to this meet and confer*** that it did not have any non-code core technical documents to produce.  *See id*. at 14.

[2] In subsequent correspondence, AlmondNet insisted that Viant just produce the documents it had located to date, without a Rule 34 discovery request, even though these documents are not actually "core technical documents" "sufficient to show how the accused product(s) work" and thus not contemplated by paragraph 7(b) of the Scheduling Order.  *Id*. at 5.  Viant remained willing to produce these documents upon receipt of a discovery request but was not willing to produce documents without such a request.  *Id*. at 4.

## II. AlmondNet's Motion to Compel Documents Should be Denied

AlmondNet is wrong to suggest that Viant is altogether "refus[ing] to produce non-code core technical documents." *See* D.I. 58 at 4.  On no less than five occasions since February 20, Viant explained that it is ***not*** refusing to produce non-code core technical documents—it simply cannot identify any "core technical documents" based on its investigation.  *See* D.I. 58-2 at 3-8 (as explained to AlmondNet on the February 20 and 28 meet-and-confers and in email correspondence on February 26, February 27, and March 5).  AlmondNet cites no authority for the proposition that a party must produce any technical documents as "core technical documents" even where those documents *do not* reflect the operation of the accused products.  The cases AlmondNet cites are entirely inapposite: both concerned instances where the defendant had core technical documents in its possession but, for one reason or another, refused to produce them.  *See Princeton Digital Image Corp., v. Konami Digital Entm't Inc.*, 316 F.R.D. 89, 95 n.11 (D. Del. Aug. 31, 2016); *see also* Ex. 2 (*Int'l Bus. Machs. Corp. v. Zynga Inc.*, C.A. 22-590-GBW, D.I. 80 ("Defendants have even refuse [sic] to confirm whether or not they searched for core technical documents. … Notably, Defendants do not deny those documents exist and are in their possession[.]").

AlmondNet's motion is also not limited to the core technical documents "sufficient to describe how the accused product(s) work(s)" but instead attempts to sweep in ***any*** technical document in Viant's possession.  *See, e.g.*, D.I. 58 at 3, n.1 ("AlmondNet is entitled to production of technical documents[.]").  In context of AlmondNet's overly expansive list of Accused Instrumentalities, this request would require Viant to produce every single technical document ever created at Viant.  This, of course, is not what Paragraph 7(b) of the Scheduling Order requires.  Regardless, Viant has been working to collect and review any non-core technical documents identified to date.  The substantial completion deadline is June 28, 2024, and fact discovery closes December 13, 2024.  *See* D.I. 29, ¶¶ 8(a)-(b).  AlmondNet cites no basis for the Court to compel production of non-core technical documents, particularly where, as here, there is no refusal from Viant to provide responsive, non-privileged documents by the timelines required in the Scheduling Order.

Finally, AlmondNet's claims of prejudice ring hollow. AlmondNet chose not to timely pursue discovery before preparing its infringing contentions, and now seeks to blame Viant for its failures.  Further, AlmondNet elected to cast an overly-wide net of accused products (including several that AlmondNet does not even mention in its infringement contentions), and therefore cannot complain about that size of Viant's source code production.

## III. Conclusion

AlmondNet seeks a Court order compelling the near-immediate production of documents that Viant does not have, to cure alleged prejudice resulting from AlmondNet's own litigation decisions.  AlmondNet's motion should be denied.

3

Dated:  April 1, 2024

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Grayson P. Sundermeir*
    Susan E. Morrison (No. 4690)
    Grayson P. Sundermeir (No. 6517)
    222 Delaware Avenue, 17th Floor
    Wilmington, DE 19801
    (302) 652-5070
    morrison@fr.com
    sundermeir@fr.com

    Aamir A. Kazi
    1180 Peachtree Street, NE, 21st Floor
    Atlanta, GA 30309
    (404) 892-5005
    kazi@fr.com

*Attorneys for Defendant*
*Viant Technology LLC*