IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALMONDNET, INC. and INTENT IQ, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 23-174-MN |
| VIANT TECHNOLOGY LLC, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

At Wilmington this **15th** day of **July, 2024**, the court having considered the parties' discovery dispute letter briefing on Defendant's motion to compel Plaintiffs to provide infringement contentions that comply with the scheduling order and the District of Delaware's Default Standard for Discovery (D.I. 78; D.I. 82), IT IS ORDERED that the motion is DENIED for the reasons set forth below.

**1. Background.** Plaintiffs filed this case on February 16, 2023, accusing Defendant's advertising platform products and related services and components of infringing U.S. Patent Nos. 8,775,249 ("the '249 patent"), 7,861,260 ("the '260 patent"), 7,979,307 ("the '307 patent"), and 11,564,015 ("the '015 patent;" collectively, the "Asserted Patents"). (D.I. 1 at ¶¶ 14, 25, 36, 47)

**2.** On December 15, 2023, Plaintiffs served their identification of accused instrumentalities. The identification encompassed Defendant's "digital advertising services and the software and hardware through which those services are provided," and it included a non-exclusive list of 13 products and services such as Defendant's Identity Graph, Householding, and Adelphic Demand Side Platform ("DSP"). (D.I. 76, Ex. 5 at 1)

3. Defendant produced its source code database to Plaintiffs on February 15, 2024. (D.I. 76 at 3)

4. Plaintiffs served their initial infringement contentions on March 22, 2024. (D.I. 54; D.I. 57) Defendant first raised issues with the sufficiency of Plaintiffs' contentions the following week, on March 29. (D.I. 76 at 1)

5. On April 17, Defendant produced about 38,000 pages of technical documents. (*Id.* at 3)

6. Defendant again raised issues with the sufficiency of the infringement contentions on April 27, and Plaintiffs agreed to supplement. (*Id.* at 1) Plaintiffs served their supplemental contentions on May 17. (D.I. 69)

7. On May 29, Plaintiffs served their second set of requests for production on Defendant. (D.I. 76, Ex. 6) Those requests offer an expanded definition of the term "Accused Instrumentalities," stating that it "includ[es] without limitation" more than 40 products and systems. (*Id.*, Ex. 6 at 3)

8. During the parties' meet and confer on June 6, Plaintiffs confirmed that the definition of "Accused Instrumentalities" set forth in their second set of requests for production also controls the use of the term in the supplemental infringement contentions they served on May 17. (*Id.* at 2)

9. **Legal standard.** Infringement contentions serve the purpose of providing notice to the defendant of the plaintiff's infringement theories early in the case. *Cosmo Techs. Ltd. v. Lupin Ltd.*, C.A. No. 15-669-LPS, 2017 WL 4063983, at *1 (D. Del. Sept. 14, 2017). The contentions must provide the defendant with notice of infringement "beyond that which is provided by the mere language of the patent," although the plaintiff is not required to prove its

infringement case in its contentions. *Wi-Lan Inc. v. Vizio, Inc.*, C.A. No. 15-788-LPS, 2018 WL 669730, at *1 (D. Del. Jan. 26, 2018). Under the Delaware Default Standard for Discovery, a plaintiff in a patent infringement case is required to produce to the defendant a claim chart that relates "each accused product to the asserted claims each product allegedly infringes." Default Standard for Discovery, Including Discovery of ESI ("Default Standard"), at ¶ 4(c); *see Personal Audio, LLC v. Google LLC*, C.A. No. 17-1751-CFC-CJB, 2018 WL 11656746, at *1 (D. Del. Nov. 15, 2018). .

10. **Analysis.** In support of the motion to compel, Defendant argues that Plaintiffs' supplemental infringement contentions remain deficient in two respects: (1) they provide a single claim chart for each Asserted Patent, instead of charting each accused product and relating it to each asserted patent claim; and (2) each patent chart "includes a jumble of accusations pointing to over 40 different accused instrumentalities." (D.I. 76 at 3-4) According to Defendant, broad references to the "Accused Instrumentalities" throughout Plaintiffs' infringement contentions provide no specific guidance on which products are associated with particular claim limitations, and the contentions provide no clarity on how multiple accused products work in concert to infringe the Asserted Patents. (*Id.* at 4)

11. Plaintiffs respond that separate charts for the approximately 40 relevant services or components are not appropriate where, as here, there is sufficient charting for Defendant's broader advertising platform that is accused of infringement. (D.I. 82 at 3) Plaintiffs contend that the contentions offer a detailed explanation of how the relevant services or components, such as Logger, Pixel Logs, and Device Graphs, are used by the accused advertising platform to meet a specific claim limitation. (*Id.* at 3-4)

3

12. Plaintiffs' contentions are sufficient to serve their purpose of providing Defendant with reasonable notice as to how Defendant's advertising platform meets the claim limitations of the Asserted Patents. The supplemental infringement contentions include charts with narrative descriptions, citations, and screenshots of schematics and other technical documents on a limitation-by-limitation basis. (D.I. 76, Exs. 1-4; D.I. 82, Exs. C-D)

13. Consistent with the parties' respective letter submissions, the court focuses its analysis on the charts for claim 1 of the '249 patent. (D.I. 76 at 1-2; D.I. 82 at 3-4) Claim limitation 1[a] of the '249 patent recites

> electronically receiving at a programmed computer system coupled to a global computer network, from at least one server controlled by one of a plurality of unaffiliated third parties, a partial profile of an entity that uses a user computer coupled to the global computer network and accessing a website, which partial profile is available to one of the third parties and contains at least one profile attribute related to the entity[.]

(D.I. 76, Ex. 3 at 6) The accompanying chart for this claim element identifies 19 services or components and provides a narrative explaining that those services or components electronically receive a partial profile of a computer user from a server controlled by an unaffiliated third party, and the partial profile contains profile attribute information related to that user. (*Id.*) This narrative explanation is accompanied by links to Defendant's website and privacy policy platform, and it includes screenshots of content supporting a connection the identified services or components and the requirements of the claim language. (*Id.*, Ex. 3 at 6-62) Those screenshots, in turn, describe the functionality of specific services or components that make up the Accused Instrumentalities. (*See, e.g.*, D.I. 76, Ex. 3 at 6, 11 (identifying Adelphic as one of the Accused Instrumentalities that meets claim 1[a], and describing how data can be uploaded in Adelphic in Defendant's accused advertising platform).

**14.** Plaintiffs' contentions are lengthy and detailed, and the narrative infringement theories therein are supported by extensive citations to schematics and other evidence showing the functionality of the services and components that make up Defendant's advertising platform. (D.I. 82, Ex. B at 27:25-28:17) (denying motion to compel supplementation of claim charts that explained why and how 700 accused processors could be grouped together); *see, e.g., Roku, Inc. v. AlmondNet, Inc.*, C.A. No. 21-1035-MN, D.I. 192 at 15:10-16 (D. Del. Nov. 11, 2023). The level of detail is sufficient to put Defendant on notice of Plaintiffs' infringement theories. These contentions will be further developed and refined as the case proceeds through discovery, claim construction, and expert reports, but at this stage, Plaintiffs are not required to prove their theories of infringement. *See Wi-LAN*, 2018 WL 669730, at *1.

**15. Conclusion.** For the foregoing reasons, IT IS ORDERED that Defendant's request to compel Plaintiffs to provide infringement contentions that comply with the Scheduling Order and the Default Standard is DENIED without prejudice. IT IS FURTHER ORDERED that the Discovery Dispute Motion Hearing set for July 17, 2024 at 3:00 p.m. is CANCELLED.

**16.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **July 22, 2024,** for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the

parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**17.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**18.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge