# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALMONDNET, INC. and INTENT IQ, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>VIANT TECHNOLOGY LLC,<br><br>　　　　　　Defendant. | C.A. No. 23-cv-00174-MN<br><br>▉▉▉▉▉▉▉<br><br>**REDACTED VERSION** |

**LETTER TO THE HONORABLE MAGISTRATE SHERRY R. FALLON
FROM VIANT TECHNOLOGY LLC REGARDING
<u>ALMONDNET'S INFRINGEMENT CONTENTION DEFICIENCIES</u>**

Dear Magistrate Judge Fallon:

    Viant respectfully requests that the Court order AlmondNet to provide infringement contentions that comply with the Scheduling Order and this District's Default Discovery Standard. AlmondNet's current contentions fail to provide Viant with sufficient notice of which Viant products AlmondNet accuses of infringement, much less how those products allegedly infringe. Viant initially raised these issues with AlmondNet on March 29, 2024, and April 27, 2024, and AlmondNet agreed to supplement. But that supplement, served on May 17, 2024, merely repeated AlmondNet's prior deficient contentions with some added, unexplained images from Viant's technical documents, without correcting any of the issues that Viant raised. Even more, AlmondNet now aims to put the burden on Viant to prove non-infringement against AlmondNet's inscrutable contentions. Viant thus requests that the Court order AlmondNet to supplement its contentions to provide reasonable notice of its infringement allegations.

## I.   Background

    AlmondNet's infringement are contentions are deficient such that Viant cannot discern (1) which specific products—or combinations of products—allegedly infringe each asserted claim; and (2) AlmondNet's theories of infringement. As just one example, for independent claim 1 of the '249 patent, AlmondNet lists the following accused products for each of claim 1's limitations:

| Claim | Description of Accused Product(s) |
|---|---|
| Claim 1(pre) | "Accused Instrumentalities" |
| Claim 1(a) | ██████████████████████ |
| Claim 1(b) | ██████████████████████ |
| Claim 1(c) | ██████████████████████ |
| Claim 1(d) | ██████████████████████ |
| Claim 1(e) | ██████████████████████ |

*See* Ex. 3 at 1, 6, 63, 80-81, 109-110, 116.[1]

    But no single product or group of products is listed as infringing all elements of the claim. To the extent AlmondNet's theory is that one or more products act in concert to infringe claim 1, AlmondNet has never articulated such a theory, has never shown that any particular group of products acts in concert, and has failed to provide contentions that would show how any such group of products infringe. Instead, AlmondNet just mentions various products in an open-ended list without substantive discussion. *See, e.g.*, *id*. at 6 ('249 patent, claim 1(a)), 109 ('249 patent, claim 1(d)), 116 ('249 patent, claim 1(e)); Ex. 4 at 6 ('307 patent, claim 1(a)), 88 ('307 patent,

---

[1] AlmondNet's infringement contentions span hundreds of pages, which Viant excerpted to reduce the number of pages provided to the Court, in accordance with Your Honor's policies and procedures. However, Viant is happy to provide the entirety of AlmondNet's contentions, should the Court so desire.

claim 1(c)); Ex. 2 at 3-4 ('015 patent, claim 14(a)(i)), 40 ('015 patent, 14(a)(ii)); Ex. 1 at 315-316 ('260 patent, claim 151). Throughout AlmondNet's contentions, this open-ended list of products is haphazard, and many products are not alleged to infringe every limitation of a claim. *See, e.g.*, Ex. 2 at 3-4, 40, 109-110 (citing three instrumentalities for '015 patent claim 14(b)(ii), none of which appear in 14(a)(i) or 14(a)(ii)); Ex. 4 at 63, 106-107, 113 (citing products for '307 patent claim 1(d) and 1(e) that do not appear in limitation 1(b)); Ex. 3 at 63, 80-81, 109-110 (citing products for '249 patent claims 1(d) and 1(e) that do not appear in claim 1(c)).

In other places, including for approximately ***150 claim limitations*** charted across its contentions, AlmondNet includes only a generic reference to "Accused Instrumentalities." AlmondNet's contentions for claim 6 of the '260 patent is representative:

| Claim 6 | Viant's Accused Instrumentalities |
|---|---|
| 6. The method of claim 1 wherein the online activity comprises requesting a search. | Viant's Accused Instrumentalities practice claim 1, from which claim 6 depends. *See above.* <br><br> In the method performed by Viant's Accused Instrumentalities, the online activity comprises requesting a search. <br><br> For example, Viant serves ads that are relevant to a user's online activity (e.g., requesting a search on a site that provides user search data used in Viant's profile information). |

*See* Ex. 1 at 98.

Despite heavy reliance on references to "Accused Instrumentalities" in its contentions, AlmondNet never defines this term in its contentions to list specific products. AlmondNet provided on December 15, 2023, a list of "Accused Instrumentalities" that included thirteen Viant products. *See* Ex. 5 at 1. But on the parties' June 6 meet-and-confer, AlmondNet indicated it was not using that December 15 definition of "Accused Instrumentalities" in its contentions. AlmondNet was instead relying on definition No. 8 from its May 29, 2024, Second Set of Requests for Production, served two weeks after its supplemental infringement contentions. This new definition refers to over forty different products—far more than the thirteen in AlmondNet's December 15, 2023, disclosure. *See* Ex. 5 at 1; Ex. 6 at 3.

Even applying AlmondNet's list of products from its Request for Production definition, there is still no way to determine which of the forty "Accused Instrumentalities" allegedly infringe more than 150 claim limitations. AlmondNet does not even discuss all forty of these products in its claim charts. For example, AlmondNet's definition No. 8 in its May 29, 2024, Second Set of Requests for Production refers to products like "Direct Access," "Data Platform," "Conversion Lift," "Cross-Channel," "Digital Out-of-Home," "Multi-Touch Attribution (MTA)," "Interest Based Segments," and "Custom Segments," but AlmondNet's contentions never discuss those products. This is not fair notice but rather obfuscation and does not provide Viant notice of which products are accused.

Viant has repeatedly attempted to get AlmondNet to correct these deficiencies. For example, when pressed on this very issue at the parties' meet-and-confer, AlmondNet could not explain whether the "Accused Instrumentalities" for claim 6 of the '260 patent, discussed above, were *all* Accused Instrumentalities, just the instrumentalities listed in independent claim 1, or something else. The same was true when AlmondNet's counsel was pressed for details regarding

2

which Accused Instrumentalities infringed other claims of the Asserted Patents. If AlmondNet cannot explain which products infringe a given claim, there is certainly no way for Viant to know.

AlmondNet has no excuse for failing to provide more robust infringement contentions. Viant produced its entire source code base on February 15, 2024, and approximately 38,000 pages of technical documents on April 17, 2024. But despite access to extensive technical documents produced by Viant, AlmondNet's contentions remain deficient even after supplementation.

AlmondNet's contentions intentionally obfuscate its infringement theories. Worse yet, AlmondNet has now started pressing Viant to explain its non-infringement theories in greater detail. *See* Ex. 7 at1-2 (requesting that Viant "supplement all discovery responses …to include the full scope of AlmondNet's Accused Instrumentalities and Accused Products"). It is entirely improper for AlmondNet to broadly accuse the entirety of Viant's business, without explaining any specific theories of infringement, and then put the burden to Viant to prove that it does not infringe. In view of AlmondNet's conduct, Viant is without further recourse other than to seek the Court's intervention.

## II. Legal Standards

The Scheduling Order requires that AlmondNet "produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes." D.I. 29, ¶ 7(c). This requirement mirrors the District Default Standard. *See* D. Del. Default Std. ¶ 4.c.

To provide sufficient notice, a plaintiff must produce "a claim chart that relates '*each* accused product to the asserted claims *each* product allegedly infringes.'" *Pers. Audio, LLC v. Google LLC*, C.A. No. 17-1751-CFC-CJB, 2018 WL 11656746, at *1 (D. Del. Nov. 15, 2018) (quoting D. Del. Default Std. ¶ 4.c.) (emphasis in original). "Infringement cannot be shown by a muddled hash of elements from different products, since in order to infringe, 'the accused device must contain each limitation of the claim, either literally or by an equivalent." *Cap Co., Ltd. v. McAfee, Inc.*, 2015 WL 4734951, at *2 (N.D. Cal. Aug. 10, 2015) (citing *TecSec, Inc. v. Int'l Business Machines Corp.,* 731 F.3d 1336, 1351 (Fed. Cir. 2013)).

## III. Argument

### A. AlmondNet Did Not Comply With The Court's Scheduling Order or the Default Standard in This District

AlmondNet failed to meet the Scheduling Order's requirement that it "produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes[,]" (D.I. 29, ¶ 7(c)), in two material respects. First, rather than provide a claim chart for each accused product, relating it to each patent claim allegedly infringed, AlmondNet instead produced a single chart for each *patent*. *See Pers. Audio*, 2018 WL 11656746 at *1 ("The law requires that a plaintiff in a patent infringement case produce to the defendant a claim chart that relates *each* accused product to the asserted claims *each* product allegedly infringes.") (emphasis in original, quotations and citations omitted).

3

Second, AlmondNet's sole chart for each patent includes a jumble of accusations pointing to over 40 different accused instrumentalities. In many instances, no one product is alleged to satisfy all limitations of a claim, and instead AlmondNet inconsistently points to a grab bag of different products to satisfy a given claim limitation. In other instances, AlmondNet merely identifies "Accused Instrumentalities" of infringing without further explanation of which products infringe and the basis for that allegation. This approach fails to "relate each known accused product to the asserted claims each product allegedly infringes," as required by the Scheduling Order. *See* D.I. 29, ¶ 7(c); *see also Pers. Audio*, 2018 WL 11656746 at *1; *Cap Co., Ltd. v. McAfee, Inc.*, 2015 WL 4734951, at *2.

### B. By Failing To Follow the Scheduling Order, AlmondNet's Contentions Fail To Provide Notice of Which Accused Instrumentalities Infringe a Given Claim or AlmondNet's Theories of Infringement

Viant is "entitled to adequate notice of [AlmondNet]'s infringement contentions as to each device." *Pers. Audio*, 2018 WL 11656746, at *2. This requirement recognizes that a defendant cannot meaningfully defend infringement allegations where it does not know which products allegedly infringe a given claim or the plaintiff's theories of infringement. Yet that is exactly the position Viant is in with AlmondNet's contentions.

AlmondNet's vague mishmash of over forty different Accused Instrumentalities with no discernable theory or allegation for any given product or claim limitation creates more confusion than clarity and fails to provide adequate notice. AlmondNet has not explained which specific products allegedly infringe where AlmondNet states only "Accused Instrumentalities." Nor has AlmondNet explained in its contentions its theories for how multiple products work in concert to allegedly infringe. Without this explanation, Viant cannot possibly understand AlmondNet's theories of infringement or meaningfully respond to AlmondNet's allegations. For all it appears, AlmondNet's strategy is to broadly accuse all that it can, without specificity, and then shift the burden to Viant to explain the specific bases for non-infringement. Such conduct violates both the letter and spirit of this Court's Scheduling Order and the Default Standard in this District.

## IV. Conclusion

Viant respectfully requests that the Court order AlmondNet to provide, no later than July 31: (1) a claim chart for each accused product charted against each asserted patent allegedly infringed, or (2) to the extent AlmondNet contends a group of products together infringe any asserted claims, a chart for that group of products for each patent, with an explanation of AlmondNet's theory of infringement, including how the group of products allegedly work together to infringe.

Dated: July 11, 2024

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Grayson P. Sundermeir*
   Susan E. Morrison (No. 4690)
   Grayson P. Sundermeir (No. 6517)
   222 Delaware Avenue, 17th Floor
   Wilmington, DE 19801
   (302) 652-5070
   morrison@fr.com
   sundermeir@fr.com

   Aamir A. Kazi
   1180 Peachtree Street, NE, 21st Floor
   Atlanta, GA 30309
   (404) 892-5005
   kazi@fr.com

*Attorneys for Defendant
Viant Technology LLC*

5